IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-19-03-H-CCL |
| Plaintiff, | ORDER |
| vs. | |
| JEFFREY KENNETH KNAPP, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss the Indictment under Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure. (Doc. 23). The government opposes the motion.

The Indictment charges the Defendant with one count of "Prohibited Person in Possession of a Firearm" in violation of 18 U.S.C. § 922(g)(1). The Indictment alleges that Defendant is prohibited from possessing a firearm based on his December 28, 1994, conviction of a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Colorado, and that Defendant, on April 3, 2019, knowingly possessed, in and affecting interstate and foreign commerce firearms and ammunition. (Doc. 10).

**LEGAL STANDARD**

A motion to dismiss an indictment is governed by Rule 12 of the Federal Rules of Criminal Procedure, which allows a party to "raise by pretrial motion any

defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Motions based on "a defect in instituting the prosecution" must be "raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A). Although the Court "may make preliminary findings of fact necessary to decide the legal questions" presented by a pretrial motion, the Court must not invade the province of the jury by prematurely deciding whether the government can prove the elements of the charged offense. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

**DISCUSSION**

### Arguments based on Colorado Statute

Defendant argues that he cannot be charged as a prohibited person in possession of a firearm because the Colorado law in effect at the time he was charged with the predicate convictions only prohibited persons previously convicted of "burglary, arson, or a felony involving the use of force or violence or the use of a deadly weapon, or attempt or conspiracy to commit such offenses" from owning firearms. (Doc. 24 at 3, citing Colo. Rev. Stat. § 18-12-108 (1990)). Defendant argues in the alternative that even if he had been charged and convicted of one of the crimes enumerated in the 1990 version of Colo. Rev. Stat. § 18-12-108, his rights would have been restored by February of 2013. (Doc. 24 at 4).

2

Defendant appears to acknowledge that the amended version of Colo. Rev. Stat. § 18-12-108, which took effect on July 1, 1994, prohibits possession of a weapon by any offender convicted of a felony. (Doc. 24 at 6). He argues that applying the amended Colorado statute violates the *ex post facto* prohibitions of the United States Constitution. (Doc. 24 at 6).

The Court begins its analysis by determining when, if ever, the State of Colorado restored Defendant's right to possess firearms. The Court looks to the whole of state law at the time of the restoration of civil rights when deciding whether a defendant's prior conviction constitutes a predicate offense for purposes of 18 U.S.C. § 922(g)(1). *United States v. Cardwell*, 967 F.2d 1349, 1350 (9th Cir. 1992).

The Court first determines "whether [Knapp's] civil rights were substantially restored by [Colorado] law. *United States v. Collins*, 61 F.3d 1379, 1382 (9th Cir. 1995). "Colorado, like many states, restores various civil rights such as the rights to vote, sit on a jury, and hold office to its convicted felons once they have completed their sentences." *United States v. Hall*, 20 F.3d 1066, 1068 (10th Cir. 1994). Knapp claims that he completed serving his Colorado criminal sentence by February 3rd of 2003. (Doc. 24 at 3). Knapp's civil rights were substantially restored by state law when he discharged his sentence in February of 2003.

The Court next determines "whether state law expressly prohibited [Knapp] from possessing firearms, notwithstanding the substantial restoration of his civil rights." *Collins*, 61 F.3d at 1382. The 1993 amendment to Colo. Rev. Stat. § 18-12-108, which went into effect in July of 1994, made it a "crime for any convicted felon to possess a firearm." *United States v. Norman*, 129 F.3d 1393, 1397 (10th Cir. 1997). In 2003, the first subsection of Colo. Rev. Stat. § 18-12-108 prohibited anyone convicted of a felony anywhere in the United States from possessing a firearm, stating: "A person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm as described in section 18-1-901(3)(h) or any other weapon that is subject to the provisions of this article subsequent to the person's conviction for a felony, or subsequent to the person's conviction for attempt or conspiracy to commit a felony, under Colorado or any other state's law or under federal law." Colo. Rev. Stat. Ann. § 18-12-108(1) (2003).[1] Knapp's right to possess firearms was not restored by the State of Colorado when he finished serving his sentence in 2003. *See Collins*, 61 F.3d at 1383.

The Court must also consider whether the 1993 amendment to the Colorado statute, which went into effect after Knapp was charged but before he was

---

[1] The 2003 version of Colo. Rev. Stat. § 18-12-108 is unchanged from the 1994 version and remains the same as of 2019.

4

sentenced, violates the *ex post facto* clauses of the United States Constitution.

The United States Court of Appeals for the Ninth Circuit considered and rejected a similar argument in *Collins.* 61 F.3d at 1383. Defendant Collins, like Knapp, argued that his Illinois convictions did not qualify as convictions for purposes of 18 U.S.C. § 921(a) because Illinois law was amended to prohibit felons from possessing firearms after he was convicted and while he was incarcerated, and that application of the amended statutes violated the *ex post facto* clause. *Id*. In rejecting this argument, the Ninth Circuit relied in part on an Illinois Court of Appeals' decision rejecting such an argument. *Id*.

This Court, following the lead of the Ninth Circuit in *Collins*, considers Colorado law in determining Knapp's *ex post facto* challenge to a Colorado statute. The Colorado Court of Appeals considered this issue in *People v. DeWitt*, 275 P.3d 728 (Colo. Ct. App. 2011), applying the reasoning of the United States Supreme Court in *Weaver v. Graham*, 450 U.S. 24 (1981). The United States Supreme Court has long recognized "that two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver*, 450 U.S. at 29. The Colorado Court of Appeals rejected the defendant's *ex post facto* argument in *DeWitt* because the prohibited conduct in that case – "defendant's possession of a firearm – occurred in 2009,

well after the 1994 amendment." *DeWitt*, 275 P.3d at 732.  The same is true in the instant case – Knapp's alleged possession of firearms occurred in 2019, after the 1994 amendment to the Colorado statute.  If Knapp is convicted, he will be convicted for his 2019 possession of firearms.  While it may be true that the conduct that led to Knapp's prior convictions occurred before the statute was amended, any punishment imposed will be for his 2019 conduct, not for the conduct that led to his prior convictions.

### Argument based on recent Supreme Court ruling.

Defendant asks the Court to dismiss the indictment against him because the government cannot prove that he knew that he was prohibited from possessing a firearm.  (Doc. 24 at 5).  Defendant argues that the Supreme Court's recent ruling in *Rehaif v. United States*, 588 U.S. ___, 2019 WL 2552487 (Jun. 21, 2019), requires the United States to prove that a defendant knows that it is illegal for him to possess a firearm in order to convict him of violating 18 U.S.C. 922(g).  (Doc. 26 at 8).  The government argues that it need only prove that Knapp knew that he had been convicted of a felony.  (Doc. 25 at 8).   The Court need not resolve this dispute at this time, as it is clear that Defendant's argument is an attempt to challenge the government's ability to prove an essential element of its case.  Such a challenge constitutes "a premature challenge to the sufficiency of the government's evidence."  *Nukida*, 8 F.3d at 669.

**CONCLUSION & ORDER**

Defendant's arguments in support of his motion to dismiss are either lacking in merit as a matter of law or require factual findings that cannot be made before trial. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion to dismiss (Doc. 23) is denied.

IT IS FURTHER ORDERED that counsel for the United States and Defendant shall each file a brief on or before August 16, 2019 (the deadline for submitting jury instructions) setting forth the legal and factual basis for a proposed instruction addressing the "knowing" requirement in the wake of *Rehaif*.

Done and dated this 25th day of July, 2019.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE