FILED

10/11/2019

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>K. JEFFERY KNAPP,<br><br>Defendant. | CR-19-03-H-CCL<br><br>ORDER |

Earlier today, the Court conducted a hearing on Defendant K. Jeffery Knapp's motion *in limine* to prevent the government from presenting evidence at trial that Defendant allegedly shot and pointed firearms at his residence before being charged in th is case. Defendant was present and represented by his counsel, Joslyn Hunt of the Federal Defenders of Montana, and the United States was represented by Assistant United States Attorney Thomas Bartleson.

**LEGAL STANDARD**

Admissibility of the evidence at issue here is governed by Rule 404(b) and Rule 403 of the Federal Rules of Evidence.

> Rule 404(b) is a rule of inclusion – not exclusion – which references at least three categories of other "acts" encompassing the inner workings of the mind: motive, intent, and knowledge. Once it has been established that the evidence offered serves one of these purposes, the relevant Advisory Committee Notes make it clear that the

> "only" conditions justifying the exclusion of the evidence are those described in Rule 403: unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.

*United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc).

The Ninth Circuit relies on a four-part test to determine the admissibility of evidence under Fed. R. Evid. 404(b). *United States v. Rendon-Duarte*, 490 F.3d 1142, 1144 (9th Cir. 2007). The evidence must: (1) prove a material element of the charged offense; (2) must, in some cases, be similar to the charged conduct; (3) must be based on sufficient evidence; and (4) must not be too remote in time. *Id.* The burden is on the government to show that the proffered evidence meets each required part of the test. *United States v. Spillone*, 879 F.2d 514, 518 (9th Cir. 1989).

The Court's analysis does not end with Fed. R. Evid. 404. The Court must also consider Fed. R. Evid. 403. Unfair prejudice as used in Fed. R. Evid. 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Advisory Committee's Noted on Fed. R. Evid. 403). Evidence of Defendant's prior bad acts, like the evidence of a prior conviction in *Old Chief*, should be analyzed "for relative probative value and for prejudicial risk of misuse as propensity evidence." *Id.* at 182.

## DISCUSSION

The government seeks to introduce evidence regarding two prior bad acts to establish that Defendant Knapp knowingly possessed a firearm. The first incident occurred in November of 2018 when a man on the deck of Defendant Knapp's residence shot an assault gun twice and told a Fed-Ex driver he was trespassing while the driver was walking from his delivery van, which was parked in Defendant Knapp's driveway, to a neighboring home to deliver a package. It is not clear when the second incident occurred as the government states only that an ATF Special Agent conducted a telephone interview with a contractor on February 14, 2019. According to the ATF Special Agent, the contractor told him that Defendant Knapp pointed a black AR 15 weapon in the air while telling a contractor and his brother they needed to get off his property.

The government argues that it should be allowed to introduce this evidence, presumably through the actual witnesses and not an ATF Special Agent, because it meets the four-part test for admitting evidence under Rule 404(b). The government is correct that the evidence that Defendant Knapp held and or shot a gun prior to the search of his home which led to the weapons being found is relevant to a material element of the charged crime – that is that he knowingly possessed a firearm. Prior knowing possession of a firearm is clearly similar to the charged

3

crime. Assuming that the Fed-Ex driver and the contractor or his brother can identify Defendant as the man holding and shooting the gun, there will be sufficient evidence of the other acts. These incidents apparently occurred within one year of the execution of the search warrant that led to the filing of the original indictment and are not so remote in time as to be excluded on that basis.

In his reply brief, Defendant Knapp states that he will be stipulating to the possession of firearms and ammunition and since filing his reply brief has filed such a stipulation, which he argues alleviates the need for the United States to prove that element. Defendant's offer to stipulate does not automatically warrant granting his motion *in limine*. "The prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992). The Court can, however, consider the offer to stipulate in considering whether the probative value of the evidence is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence. *Old Chief,* 519 U.S. at 184.

This case can be distinguished from *Daly*, a case in which the Ninth Circuit affirmed a district court's decision to allow the government to introduce evidence of Defendant's 11-hour shoot-out with police, which led to his arrest and ultimately to a felon in possession charge. *Daly*, 974 F.2d at 1216. The Ninth Circuit held

4

that "evidence regarding the shoot-out was necessary to put Daly's illegal conduct into context and to rebut his claim of self-defense." *Id.* at 1217. The Ninth Circuit also affirmed the district court's decision on the separate ground that the "shoot-out evidence was sufficiently intertwined with the evidence regarding the possession charge." *Id.*

The prior incidents in this case may have led to probable cause to obtain a search warrant, but it was the finding of the guns and ammunition in Defendant Knapp's resident that led to the possession charge. The incidents are not so intertwined with the evidence found in the search as to warrant their admission.

The undue prejudice presented by the evidence the government seeks to introduce lies in the fact that Defendant did more than simply hold a gun – he fired it in the air while telling the Fed-Ex driver that he was trespassing and pointed it in the air while calling the contractors "enemies." The government claims that it needs to present the evidence to explain the context of its investigation, which was apparently instigated by the Fed-Ex driver's report of the November 26, 2018, incident to the Jefferson County Sheriff's Office.

It is not clear to the Court that evidence that Defendant shot and/or pointed the gun is necessary to put the investigation in context, particularly when Defendant does not intend to dispute the fact that he possessed the firearms and ammunition found in his home. At this point, it appears to the Court that the potential for undue

5

prejudice outweighs the need for the government to present the proffered evidence concerning the Defendant's prior bad acts in its case-in-chief. That situation could change after Defendant Knapp presents his case.

Accordingly,

IT IS HEREBY ORDERED that Defendant's motion *in limine* (Doc. 42) is GRANTED. The United States may not refer to the shooting incident involving the Fed-Ex driver or the incident involving the contractor and his brother in its case-in-chief at trial.

Done and dated 11th day of October, 2019.

　　　　　　　　　　　　　　　　　　／s／ Charles C. Lovell
　　　　　　　　　　　　　　　　　　CHARLES C. LOVELL
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE