IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY KENNETH KNAPP,<br><br>Defendant. | CR-19-03-H-CCL<br><br>ORDER |

Before the Court is Defendant's "Post-Trial Motion for Judgment of Acquittal Under Rule 29(c) Fed. R. Crim. P." (Doc. 84). The United States opposes the motion. The Court has reviewed the record in its entirety and is prepared to rule.

**PROCEDURAL HISTORY**

On April 4, 2019, the United States filed a criminal complaint charging Mr. Knapp with being a "Prohibited Person in Possession of a Firearm" in violation of 18 U.S.C. § 922(g)(1). Magistrate Judge Lynch issued an arrest warrant and Mr. Knapp appeared before Magistrate Judge Lynch that day. Mr. Knapp was represented at his initial appearance by Andy Nelson of the Federal Defender's Office and Ms. Hunt was appointed to represent him for future proceedings. Magistrate Judge Lynch released Mr. Knapp, subject to certain conditions.

On May 1, 2019, a grand jury indictment was filed, charging Mr. Knapp with one count of "Prohibited Person in Possession of a Firearm" in violation of 18 U.S.C. § 922(g)(1). The Court set trial for June 17, 2019.

On May 28, Defendant filed a motion to continue all pretrial deadlines on behalf of her client. Her motion was based on her need to obtain information from the State of Colorado regarding the felony convictions that served as the basis for the charge against her client. The Court convened a telephone conference with counsel for both parties to discuss the need to set a new trial date and the parties agreed that they could be prepared for trial on September 3, 2019. The Court issued an order the same day setting trial for September 3, 2019, and extending other pretrial deadlines.

On June 21, 2019, the Court granted Ms. Hunt's second motion to continue the pretrial deadlines, extending the motions deadline until June 27, 2019. The Court did not continue the trial or change the August 16, 2019, plea agreement deadline.

On June 21, 2019, the United States Supreme Court held that to convict a defendant of being a prohibited person in possession of a firearm, the United States "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif v. United States*, 139 S.Ct. 2191, 2194 (2019).

On June 27, 2019, Defendant filed a motion to dismiss the indictment against him. The government opposed the motion, and the Court entered its order denying the motion to dismiss on July 25, 2019. Recognizing the potential impact of the *Rehaif* decision as to the essential elements of the charged crime, the Court asked the parties to submit briefs and proposed jury instructions as to the "knowing" element on or before August 16, 2019.

On August 13, 2019, the parties filed a joint motion to waive the grand jury indictment and allow the government to proceed by superseding information. The Court heard and granted the motion on August 21, 2019. On August 22, 2019, the Court entered an order resetting trial for October 22, 2019, the date agreed upon during the August 21, 2019, hearing.

On October 22, 2019, at the close of the government's evidence, Defendant made a Rule 29 Motion for Judgment of Acquittal as to the superseding information, which was denied. Defendant renewed his motion after both parties had rested, later that day, and the Court denied the renewed motion. On October 23, 2018, a unanimous jury found Defendant guilty of being a prohibited person in possession of a firearm as charged in the superseding information. Now before the Court is Defendant's timely-filed renewed motion for judgment of acquittal as to the single count of the superseding information, which motion is again opposed by the government.

## LEGAL STANDARD

The familiar standard for deciding a motion for acquittal, as articulated in *Jackson v. Virginia*, requires this Court to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979)(emphasis in original).

## DISCUSSION

The Court used the model Ninth Circuit instruction, as revised after the United States Supreme Court decided *Rehaif*, to instruct the jury as to the elements of the charged offense. The Court instructed the jury that the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly possessed firearms and ammunition;
> Second, the firearms and ammunition had been shipped from one state to another;
> Third, at the time the defendant possessed the firearms and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and
> Fourth, at the time defendant possessed the firearms and ammunition, he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

(Doc. 79 at 13).

/ / /

The only element disputed by Defendant is the fourth element. He argued at trial and continues to argue that he did not know that he was a convicted felon and that his civil rights, including his right to bear arms, were restored when he was released from prison in 2003. The Court provided the following Ninth Circuit model instruction to explain the requirement that the defendant knew about his prior conviction:

> an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

(Doc. 79 at 15).

At Defendant's request, the Court also instructed the jury that any "conviction that has been expunged, set aside, or for which a person has been pardoned or has had his civil rights restored shall not be considered a conviction for purposes of a federal firearm violation, unless the pardon, expungement or restoration of civil rights expressly provides the person may not possess firearms." (Doc. 79 at 17).

The Court properly instructed the jury that the government had the burden of proving every element of the charged offense beyond a reasonable doubt.

5

There was nothing in any individual instruction or in the instructions as a whole that created a presumption shifting the burden of proof regarding knowledge to the defendant.

The government offered sufficient evidence to support the jury's finding as to the fourth element of the charged offense in presenting its case in chief. At the close of its case, the government offered the parties' stipulations, which included a stipulation that Defendant had prior convictions. Special Agent Sprenger testified that the convictions were for felonies and that Defendant was sentenced to terms of imprisonment exceeding one year. The government offered sufficient evidence during its case in chief to allow a rational trier of fact to conclude that Defendant knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

After the government rested, Defendant testified. He explained his understanding that, upon his release from imprisonment, his civil rights, including his right to bear arms, had been restored. Defendant offered his discharge paperwork (Exhibit 522, admitted without objections) to support his claim.

Exhibit 522 provides no support for Defendant's claim that his civil rights were restored when he was discharged from prison in Colorado. It contains no reference to the term "civil rights." It refers only to this unconditional discharge from the custody of the Colorado Department of Corrections.

When cross-examined, Defendant admitted that Exhibit 522 does not include the term "civil rights" and does not state that he was pardoned or that his conviction was expunged or set aside. Defendant also admitted that he was still required to register based on those convictions.

The government chose not to offer rebuttal testimony, apparently seeing no need to rebut Defendant's testimony. After retiring to deliberate at 11:16 a.m., the jury reached its verdict by 11:50 a.m. The jury's quick return of a guilty verdict demonstrates that it was not persuaded by Defendant's testimony or by his reliance on his discharge paperwork.

The jury's verdict was supported by sufficient evidence as to each and every element of the charged offense. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for judgment of acquittal (Doc. 84) is DENIED.

Dated this 3rd day of December, 2019.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE