FILED
12/20/2019
Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY KENNETH KNAPP,<br><br>Defendant. | CR-19-03-H-CCL<br><br>AMENDED ORDER |

Before the Court is Defendant's "Motion to Clarify Appellate Rights as it Concerns Forfeiture of Firearms." (Doc. 88). Although counsel for the United States indicated that the government opposes the motion when asked for his position, the United States has not filed a brief in opposition to the pending motion. The Court has reviewed the record in its entirety and is prepared to rule.

**BACKGROUND**

On August 21, 2019, the United States filed a superseding information charging Defendant with being a prohibited person in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). The superseding information also included a forfeiture count specifically identifying sixteen separate firearms and generally identifying various rounds of ammunition seized during the April 3, 2019, search of Defendant's home.

The Court held a hearing on August 21, 2019, at which time Defendant waived his right to be charged by the grand jury, allowing the filing of the superseding information. On August 22, 2019, the Court entered an order setting trial for October 22, 2019. (Doc. 41).

Although the parties presented a special verdict form regarding the forfeiture count, neither party addressed the forfeiture issue in their proposed jury instructions, during pre-trial briefing, or at the final pre-trial conference held immediately before trial began on October 22, 2019. The Court raised the issue in chambers with counsel after the jury began its deliberations and the parties agreed that, should the jury return a guilty verdict, the forfeiture issue could be addressed administratively so that the jury would not need to remain and address the forfeiture count.

After the clerk published the verdict in open court, the parties stipulated to the preliminary forfeiture of eleven of the sixteen firearms listed in the forfeiture count of the superseding information. Defendant refused to stipulate as to five of the sixteen seized firearms because he contends that those firearms are owned by either his sister or wife.

The Court then ordered forfeiture of the named and described firearms. Defendant apparently construes the Court's order from the bench as entry of a preliminary order of forfeiture. (*See* Doc. 88 at 2)

2

## DISCUSSION

Defendant now seeks to clarify that he has not agreed to a final order of forfeiture as to the eleven weapons he admits to owning. In essence, Defendant appears to be asking the Court to include in both the preliminary and final order of forfeiture conditions reasonably necessary to preserve the subject property's value pending any appeal. The Court has the discretion to include such conditions under Fed. R. Crim. P. 32.2(b)(3).

Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for clarification (Doc. 88) is GRANTED.

IT IS FURTHER ORDERED that the United States shall move for entry of a proposed order of forfeiture listing the eleven firearms covered by the oral stipulation and including language which the parties agree is sufficient to preserve the value of those firearms pending appeal.

Dated this 20th day of December, 2019.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE