IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>K. JEFFERY KNAPP,<br><br>Defendant. | CR-19-3-H-CCL<br><br>Statement on Remand |

Before the Court is the Ninth Circuit's remand for the limited purpose of enabling the Court to state its reasons for denying defendant/appellant K. Jeffery Knapp's motion for bail pending appeal. (Doc. 131).

**BACKGROUND**

Knapp was charged with violating 18 U.S.C. § 922(g)(1) in a criminal complaint. (Doc. 1). He initially appeared before Magistrate Judge Lynch on April 4, 2019, and was released on conditions. (Doc. 6). On October 19, 2020, the Court granted Knapp's motion *in limine* and entered its order preventing the United States from presenting evidence concerning two incidents that led to the issuance of a warrant to search Knapp's home for firearms and ammunition. (*See* Doc. 58).

The government sought to introduce evidence that in November of 2018, Knapp shot an assault weapon twice in the direction of a Fed-Ex driver and told the Fed-Ex driver that he was trespassing as the Fed-Ex driver was attempting to deliver a Fed-Ex package to a neighboring house.  The government also sought to introduce evidence that at some point before February 14, 2019, Knapp had pointed a black AR 15 weapon in the air while telling two men they needed to get off his property.[1]  Although the Court agreed that the evidence satisfied the requirements of admissibility under Fed. R. Evid. 404(b), it prohibited the government from introducing the evidence under Fed. R. Evid. 403.

While the jury that found Knapp guilty of violating 18 U.S.C. § 922(g)(1) on October 23, 2019, (Doc. 77), never heard this evidence, the Court was aware of it and considered ordering Knapp remanded once the jury returned its verdict. The government did not object to Knapp's continued release and presented no evidence that Knapp had failed to comply with his pre-trial release conditions. The Court therefore allowed Knapp to remain released pending sentencing, subject to the pretrial conditions previously imposed.  (*See* Doc. 73).

/ / /

---

[1] Additional information about these incidents can be found in the presentence investigation report (Doc. 126) at ¶¶ 12 - 19.

## MOTION FOR RELEASE PENDING APPEAL

After Knapp moved for release pending appeal (Doc. 114), the government filed its response opposing the motion (Doc. 121) and the Court reset Knapp's May 21, 2020, sentencing hearing for June 3, 2020. (Doc. 120).

## REASONS FOR DENIAL OF BAIL PENDING APPEAL

The analysis of Knapp's request for release pending appeal begins with the applicable statute, which provides that a defendant who has been sentenced to a term of imprisonment must be detained unless the judicial officer deciding the motion finds

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

The Court released Knapp pending sentencing because the government did not seek detention and there was no evidence that Knapp was likely to flee or pose a danger to any other person in the community. That situation changed between trial and sentencing.

**Flight Risk/Danger to Community**

The Court learned on June 2, 2020, that the United States Probation Office had information concerning Knapp's having violated his pretrial release conditions by using alcohol. The Court conducted an in-chambers meeting with counsel prior to the scheduled sentencing hearing to ensure that counsel for the government and the defendant were aware of this issue. (*See* Doc. 130, Sentencing Hearing Tr., at 3 - 6).

During the sentencing hearing, the Court asked government counsel whether he had "information relating to how the defendant has complied with the requirements with respect to" his conditions of release. (Doc. 130 at 44, ll 20 - 22). The government called United States Probation Officer Derek Estep to testify concerning Knapp's alleged violations of the pretrial release condition. (Doc. 130 at 45, l 14 through 50, l 6). Knapp's counsel thoroughly cross-examined Estep. (Doc. 130 at 50, l 8 through 56 l 18). On re-direct, government counsel asked Probation Officer Estep whether he was concerned by the fact that "the incident involving the portable breath test with the .042 occurred close in time to when Mr. Knapp was scheduled to be here in this courtroom." (Doc. 130 at 57, ll 7 - 10). Probation Officer Estep explained: "It was concerning, yeah. And, obviously, this is a stressful time. And I'm sure it would be for anybody. But I guess getting that

close to today's date, it – it does raise, I guess, a higher level of concern at that point, because as the stress increased, the risk of acting out in any way, shape or form, it tends to increase. So, I think that's another concern as well." (Doc. 130 at 57, ll 11 - 17).

After excusing Probation Officer Estep, the Court asked the government to state its position as to Knapp's pending request for voluntary surrender and motion for release pending appeal. (Doc. 130 at 58, ll 5 - 10). The Court then stated: "I am concerned, because I allowed the defendant to remain at large during his trial, we did not confine him in any way, except that he was required not to be drinking alcoholic beverages, and not to be going into the bars. That was about the only restriction on him. Now, he wants to appeal at this late date, which is fine. He has the right to do so. And he can take his appeal. But he does not have the right to remain at large during that period. And so, his motion to do so is denied. " (Doc. 130 at 60, ll 13 - 22).

Based on the evidence that Knapp had violated his release condition by going into a bar and drinking shortly before his sentencing hearing and other information known to the Court, particularly the fact that Knapp had twice used an assault weapon to intimidate others, the Court concluded that if released, Knapp poses a danger to the community.

The Court is also concerned that, as Knapp's stress level increases, he may pose a danger to himself. Deputy Grimsrud of the Jefferson County Sheriff's Office was dispatched to Knapp's residence in February of 2018 "based on suicidal comments made by the defendant on social media. Upon arrival, Deputy Grimsrud observed the defendant sitting in a chair near the window holding what appeared to be a pistol type firearm to his chin and later his head." (Doc. 126 at ¶ 20). Although Knapp denies making suicidal gestures, the Court accepts Deputy Grimsrud's version of events. Knapp's suicidal ideation is also supported by his treating psychiatrist, who attempted to persuade the Court to impose a probationary sentence on the grounds that Knapp's risk of suicide would "dramatically increase" if he were incarcerated. (Doc. 119-2). The Court addressed this issue, along with Knapp's ongoing medical issues, by recommending that he be placed at FMC Rochester for evaluation and treatment. (Doc. 124 at 2).

### Substantial Question of Law or Fact

In reviewing Knapp's motion prior to learning that he had violated his conditions of release, the Court had planned to deny the motion based on its determination that Knapp's appeal does not raise a substantial question of law or fact likely to result in reversal of his conviction, a new trial, a non-custodial

sentence, or a reduced sentence shorter than the expected duration of the appeal process as required by subsection (B) of 18 U.S.C. § 3143(b)(1). A "substantial question" is one that is "fairly debatable" or "fairly doubtful" and involves "more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

Knapp apparently intends to base his appeal on the same argument that the Court has twice rejected – he argues that it is not enough for the government to prove that he knew he had been convicted of a crime punishable by more that a year in prison – but must also prove that he knew he was a prohibited person. Although Defendant is free to present this argument to the Ninth Circuit on appeal, the Court is not convinced that it raises a substantial question. The jury was properly instructed and its verdict was supported by the facts.

Dated this 28th day of July, 2020.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE