# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

K. JEFFERY KNAPP,

               Defendant.

**CR-19-03-H-BMM**

**ORDER**

## INTRODUCTION

Defendant K. Jeffery Knapp ("Knapp") has a filed a Motion for New Trial (Doc. 146) pursuant to Fed. R. Crim. P. 33(a). A jury in the Helena Division of the United States District Court for the District of Montana found Knapp guilty of Prohibited Person in Possession of a Firearm under 18 U.S.C. § 922(g)(1) on October 23, 2019. (Docs. 70, 73, 77).  The Court sentenced Knapp on June 3, 2020, to 63 months in custody and 3 years of supervised release. (Doc. 124). Knapp appealed his conviction and sentence to the Ninth Circuit on June 8, 2020. (Doc. 128). The Ninth Circuit affirmed Knapp's conviction and sentence on June 1, 2021. (Doc. 140). The United States Supreme Court denied Knapp's writ of certiorari on December 7, 2021. (Doc. 145). Knapp now claims that this Court

should grant him a new trial based on the reasoning in *Danielson v. Dennis*, 139

P.3d 688 (Colo. 2006). The Government has declined to respond.

## ANALYSIS

Fed. R. Crim. P. 33(a) allows a court to vacate a judgement and grant a new

trial "if the interest of justice so requires." A decision to grant a motion for a new

trial rests within the sound discretion of the court. *U.S. v. Powell*, 932 F.2d 1337,

1340 (9th Cir. 1991). A motion for new trial is not "regarded with favor" and is

granted "only with great caution." *U.S. v. Plum*, 558 F.2d 568, 577 (10th Cir.

1977). A movant must satisfy the following elements to prevail on a Rule 33

motion for a new trial: (1) evidence must be newly discovered; (2) the failure to

discover evidence sooner must not have been the result of lack of diligence on the

defendant's part; (3) evidence must be material to issues at trial; (4) evidence must

be neither cumulative nor merely impeaching; and (5) evidence must indicate that

a new trial would probably result in an acquittal. *U.S. v. Kulczyk*, 931 F.2d 542,

547 (9th Cir. 1991).

Knapp asks this Court to grant him a new trial based on his "newly

discovered evidence" in *Danielson*. (Doc. 146 at 2). The Colorado Supreme Court

in *Danielson* reviewed whether Colorado state law that prohibited parolees from

voting and registering to vote conflicted with the Colorado constitution. 139 P.3d

688 at 689-90. *Danielson* determined that the statutory restriction on voting and

registering to vote did not conflict with the Colorado Constitution. *Id.* at 690. The Court sees no support for Knapp's claim from a decision that affirmed a state legislature's authority to impose voting restrictions on parolees.

More importantly, as a general matter, a federal court dealing with federal crime defined and punished by federal law is not bound by any state court decision. *U.S. v. Henry*, 560 F.2d 963, 966 (9th Cir. 1977). Federal law, not state law, governs the interpretation of federal statutes. *U.S. v. Diaz*, 838 F.3d 968, 972 (9th Cir. 2016).

Knapp was convicted and sentenced pursuant to federal statutes in federal court. The Colorado Supreme Court decision in *Danielson* reviewed only Colorado state law and the Colorado constitution. No state decision from a different jurisdiction reviewing only Colorado state law has the power to govern the application of federal law in this Court. *Danielson* provides no precedential authority that this Court must follow and provides no grounds for a new trial. A full analysis of the factors to prevail on a Rule 33 motion proves unnecessary.

Knapp also has filed a Motion for Briefing Schedule (Doc. 150) following his Motion for New Trial (Doc. 146). Given the lack of basis for Knapp's Motion for New Trial (Doc. 146), further briefing on the matter proves unnecessary.

## ORDER

Accordingly, **IT IS ORDERED** that Knapp's Motion for New Trial (Doc.

146) and Knapp's Motion for a Briefing Schedule (Doc. 150) are **DENIED**.

Dated the 26th day of May, 2022.


_____
Brian Morris, Chief District Judge
United States District Court