IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>K. JEFFERY KNAPP,<br><br>  Defendant. | CR-19-03-H-BMM<br><br>ORDER |

Defendant K. Jeffery Knapp ("Knapp") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 169.) The Court appointed counsel to assist Knapp in this matter on March 6, 2023. *See* (Doc. 165; Doc. 166.) Knapp has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 171-1 at 87; *see* Doc. 171 at 8.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). The Government does not state a position on whether the Court should grant Knapp's motion. (Doc. 169 at 1-2.) The Court now will grant Knapp's Motion for Compassionate Release.

The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(a)(1)(A). An

"extraordinary and compelling reason" justifying release may exist where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Knapp seeks release because the Bureau of Prisons ("BOP") denied him placement in a residential reentry center or on home confinement, although BOP found him eligible, in Montana. (Doc. 171 at 2, 11-12.) The BOP recommended placement of Knapp in a Residential Reentry Center or in Home Confinement on or before February 23, 2023, "in a range greater than 270 days." (Doc. 159-2 at 26.) The BOP later recorded that Knapp was "denied [Residential Reentry Center] placement due to no available beds" on or before May 19, 2023. (Doc. 171-1 at 91.) The BOP since placed Knapp in a residential reentry center in Spokane, Washington, on October 30, 2023. (Doc. 171 at 11.)

Knapp argues five additional factors in support of sentence reduction: "current and past conditions of confinement, serious preexisting medical and mental health conditions, family circumstances, exceptional efforts at rehabilitation, and [. . .] the COVID-19 pandemic." *See* (Doc. 159 at 4.) Knapp alleged poor living and food conditions in FCI Butner, cited lock-down conditions during the COVID-19 pandemic, and noted that FCI Butner denied him access to the prison email system.

(Doc. 171 at 2-3.) These allegations, while serious, no longer support sentence reduction as Knapp is no longer placed in FCI Butner.

Knapp pointed to his history of medical and mental health issues including atrial fibrillation and major depression. (Doc. 171 at 3-4.) He noted, however, that his request "has very little to do with medical or mental health." (Doc. 171 at 4.) Knapp does not allege that the level of care at his residential reentry center in Spokane, Washington, is insufficient to meet his needs. His health issues, standing alone, are not "similar in gravity" to the extraordinary and compelling reasons listed under "Medical Circumstances of the Defendant" at U.S.S.G. § 1B1.13(b)(1).

Knapp further cited strained familial relationships and the belief that early release would assist with the reestablishment of family ties. (Doc. 171 at 4.) He also cites the failing health of his mother, but notes that, to the best of his knowledge, she is receiving care in a nursing home. *Compare* U.S.S.G. § 1B1.13(b)(3)(C). These conditions do not, by themselves, amount to circumstances "similar in gravity" to those listed in U.S.S.G. § 1B1.13(b)(1)-(4).

Knapp also notes that he has successfully completed numerous BOP classes and programs (Doc. 171 at 4-5) and has served his time without an infraction since January 2021 (Doc. 171 at 11.) Although commendable, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d).

Finally, Knapp notes that COVID-19 has negatively affected him in all the foregoing circumstances. (Doc. 171 at 5.) This again, in isolation, does not meet the requirement of U.S.S.G. § 1B1.13(b)(5).

No single factor cited by Knapp justifies the reduction of his sentence under U.S.S.G. § 1B1.13(b)(5). Nevertheless, the combined weight of his circumstances is "similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The Court notes that, by granting Knapp's motion at this time, Knapp's sentence may be truncated only by weeks or days. *See* (Doc. 169) (noting Knapp's December 19, 2023, date of projected release).

Knapp has demonstrated extraordinary and compelling reasons to reduce his sentence to time served with three years of supervised release to follow his release. The reduced sentence satisfies the federal sentencing goals described in 18 U.S.C. § 3553(a). Knapp is entitled to reduction in his sentence.

Accordingly, **IT IS HEREBY ORDERED** that

Knapp's Motion (Doc. 169) is **GRANTED**.

Dated this 28th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court