IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–03–H–BMM |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| K. JEFFREY KNAPP, | |
| Defendant/Movant. | |

Defendant/Movant K. Jeffrey Knapp was charged with being a prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) on April 4, 2019. (Docs. 1, 9, 39.)  Knapp was convicted following a two-day jury trial in October 2019. (Doc. 77.) Knapp was sentenced to sentenced to 63 months of custody with three years of supervised release to follow on June 4, 2020. (Doc. 124).  Knapp's conviction was affirmed on appeal in June 2021.  (Doc. 140 and Doc. 143.)  Knapp now seeks federal habeas relief under 28 U.S.C. § 2255.  (Docs. 153, 221, 222.)  Knapp's motion is denied.

1

**BACKGROUND**

For Knapp to be found guilty of violating § 922(g)(1), the government was required to prove beyond a reasonable double that: (1) he "knowingly possessed firearms and ammunition," (2) the firearms and ammunition "had been shipped from one state to another," (3) at the time Knapp "possessed the firearms and ammunition, [he] had been convicted of a crime punishable by imprisonment for a term exceeding one year," and (4) at the time of possession "he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year." (Tr. 141–42.)[1]  The parties stipulated to (1) and (3) above. (*See* Docs. 48, 49). Only two issues remained for the jury to consider at Knapp's October 2019 trial: whether the firearms and ammunition recovered from his residence had been shipped in interstate commerce and whether, at the time Knapp possessed the firearms, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.  (*See* Docs. 136, 138 (transcript).)  To address these issues, the government called two trial witnesses—special agents with the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), and the defense called three trial witnesses—Knapp, his wife, and his sister.

As to the first issue, Special Agent Ryan Young testified that all 16 firearms recovered from Knapp's home were not manufactured in Montana so had traveled

---

[1] The trial transcript is cited as "(Tr. [page no.].)"

in either interstate or foreign commerce.  (Tr. 58–65.)  Knapp presented evidence

in response that he had either inherited the firearms from his father, and the

firearms came to Montana before 1994, (Tr. 74), or that the firearms belonged to

his wife or sister, (Tr. 86–87, 89).  As to the second issue, ATF Special Agent

Michael Sprenger testified that he had reviewed Knapp's criminal history and

discovered that Knapp had two prior state felonies in Colorado. (Tr. 26). Sprenger

testified that due to those felonies, Knapp had an ongoing obligation to register as

an "offender" in his county of residence. (Tr. 40).  Knapp testified in response that

he believed his rights, including his right to have a firearm, had been restored when

he received an "unconditional" discharge in 2003 from the Colorado Department

of Corrections.  (Tr. 75–78.)  The jury determined that the government had proven

its case beyond a reasonable doubt and found Knapp guilty of violating §

922(g)(1).  (Doc. 77; Tr. 160.)

The court held a sentencing hearing on June 3, 2020.  (*See* Doc. 130

(transcript).)  With a total offense level of 26 and a criminal history category of I,

Knapp's advisory Guideline range was 63 to 78 months.  (*Id.* at 17.)  The court

sentenced Knapp to 63 months of custody.  (*Id.* at 62; *see* Doc. 124.)  Knapp

appealed, (Doc. 128), and in June 2021, the Ninth Circuit affirmed both his

conviction and sentence, holding that, *inter alia*, "[a]s a matter of law, the [2003

Colorado] discharge document did not restore Knapp's rights[] because it is silent

as to the restoration of rights." (Doc. 140 at 5 (citing *Jennings v. Mukasey*, 511 F.3d 894, 901 (9th Cir. 2007).)

### ANALYSIS

The Court determines that the issues conclusively can be decided based on the evidence in the record. An evidentiary hearing need not be held. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (explaining that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Knapp filed a pro se motion to vacate under 28 U.S.C. § 2255 on December 6, 2022. (Doc. 153.) "For the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Knapp's petition for certiorari was denied on December 7, 2021. (*See* Doc. 145.)

The court appointed counsel (Stephen Hormel). (Doc. 157). Knapp filed an amended § 2255 motion on August 8, 2025. (Doc. 221 and Doc. 222). The matter was stayed pending the Ninth Circuit's en banc decision in *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024). (*See* Docs. 218, 220.) In his amended motion, Knapp raised the following arguments: (1) both trial and appellate counsel were

ineffective for failing to argue the 2003 unconditional discharge from Colorado fully restored Knapp's rights under Colorado law; and (2) this conviction violates Knapp's right to bear arms under the Second Amendment. (*See* Doc. 221.) In support of his amended motion, Knapp filed the following four exhibits: (1) February 7, 2003, Colorado discharge document, (Doc. 223-1); (2) Knapp's opening brief from his direct appeal, (Doc. 223-2); (3) Knapp's reply brief from his direct appeal, (Doc. 223-3); and (4) docket reports regarding other pending Second Amendment cases, (Doc. 223-4).

The government argues that Knapp's ineffective assistance argument conclusively had been decided by the Ninth Circuit on direct appeal and that Knapp's Second Amendment argument had been procedurally defaulted and foreclosed by the Ninth Circuit's en banc decision in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025). (Doc. 227.) Knapp countered that he maintained his ineffective assistance of counsel claim but conceded that his Second Amendment argument had been rendered moot in light of the U.S. Supreme Court's denial of the petition for writ of certiorari in *Duarte*. (Doc. 232.) The Court denies Knapp's request for relief under § 2255 because his ineffective assistance claim fails on the merits. The Court grants a certificate of appealability.

## I.    Ineffective Assistance

To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  "That is, the petitioner must show not only that there was a deficiency, but that the deficiency was "prejudicial."  *Id.* at 692.  "[I]t is unnecessary to consider the prejudice prong of *Strickland* if the petitioner cannot even establish incompetence under the first prong."  *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

Knapp argues both trial and appellate counsel provided ineffective assistance of counsel for failing to effectively challenge whether Knapp's Colorado convictions qualified as predicate offenses under § 922(g)(1).  Under federal law, a conviction does not qualify as a predicate under § 922(g)(1) if it "has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored . . . , unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  18 U.S.C. § 921(a)(20).  Whether restoration has occurred turns on the operation of the state law governing the conviction.  *Caron v. United States*, 524 U.S. 308, 316 (1998).

6

Knapp argues that the "unconditional discharge" document he received from Colorado restored his civil rights. *See Danielson v. Dennis*, 139 P.3d 688, 694 (Colo. 2006) (en banc). Knapp contends that the discharge document did not contain an "express[]" limitation on his firearm rights, 18 U.S.C. § 921(a)(20), and, thus, his Colorado convictions do not qualify as predicate convictions under § 922(g)(1).  *See United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990) ("If a state sends the felon a piece of paper implying that he is no longer 'convicted' and that *all* civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution.")  Knapp is not entitled to relief.

The Ninth Circuit's determination on direct appeal forecloses Knapp's restoration argument.  The Ninth Circuit held that, "[a]s a matter of law, the [2003 Colorado] discharge document did not restore Knapp's rights[] because it is silent as to restoration of rights."  (Doc. 140 at 5.)  In the absence of intervening authority that "is clearly irreconcilable with" that decision, the Court is bound by it.  *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc), *overruled on other grounds by Sanchez v. Mayorkas*, 593 U.S. 409 (2021).  The Ninth Circuit has determined that the legal conclusion underlying Knapp's ineffective assistance claim lacks merit. Knapp can show neither deficient performance nor prejudice. *See Sanders v. Cullen*, 873 F.3d 778, 815 (9th Cir. 2017) ("The failure to raise a

meritless legal argument does not constitute ineffective assistance of counsel."

(quotation marks omitted)).  Knapp's habeas claim fails as a matter of law.

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A COA proves warranted because Knapp's claim may have merit but is nevertheless foreclosed by a prior appellate decision.

### CONCLUSION

Based on the foregoing, IT IS ORDERED:

1.  Knapp's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docs. 153, 221, 222) is DENIED.

2.  A certificate of appealability is GRANTED.  The clerk shall immediately process the appeal if Knapp files a Notice of Appeal.

3.  The clerk shall ensure that all pending motions in this case and in CV 22–

96–H–BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Knapp.

DATED this 17th day of March, 2026.

Brian Morris, Chief District Judge
United States District Court